## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

MAINE REPUBLICAN PARTY,

        Plaintiff,

    v.

MATTHEW DUNLAP, in his official
capacity as Secretary of State for
the State of Maine,

        Defendant,

    and

THE COMMITTEE FOR RANKED-
CHOICE VOTING,

        Prospective Intervenors.

**Case No.:  1:18-cv-00179-JDL**

### <u>MOTION TO INTERVENE</u>

The Committee on Ranked-Choice Voting (the "Committee") through its undersigned counsel, hereby moves to intervene in the above-captioned matter pursuant to Fed. R. Civ. P. 24(a)(2) because it has a recognized interest in proper enactment of a citizens' legislative initiative that it drafted and advocated for adoption. Alternatively, the Committee respectfully requests that the Court permissively allow it to intervene pursuant to Fed. R. Civ. P. 24(b).

Fed. R. Civ. P. 24(a)(2) provides that anyone must be permitted to intervene who "claims an interest relating to the … transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the applicant's ability to protect its interest, unless existing

parties represent that interest."

**ARGUMENT**

Here, the Committee has a recognized interest in ensuring proper implementation of the RCV Laws that the Committee drafted, successfully campaigned for statewide passage, and litigated to secure timely implementation. The Defendant, the Maine Secretary of State, cannot adequately represent the Committee's interests in this matter because the Committee and the Secretary remain adverse parties in litigation regarding implementation of the RCV Laws pending in the Kennebec County Superior Court of Maine.

## I.    THE COMMITTEE HAS AN INTEREST IN THE ENACTMENT AND INTERPRETATION OF RANKED-CHOICE VOTING STATUTES.

The "transaction" at the center of the above-captioned action is the enactment and interpretation of the RCV Law, including 21-A M.R.S.A. § 1(27-C) and 21-A M.R.S.A. § 723-A, which establish ranked-choice voting as the method of election for all Maine primary elections on June 12, 2018. The Committee for Ranked-Choice Voting claims an interest in RCV Law because the public interest group drafted the law, campaigned for its passage in 2016 and litigated its constitutionality in Maine state court.

The United States Courts of Appeals for the Sixth and Ninth circuits have held that public interest groups that advocated for legislative initiatives have a *right* to intervene in actions challenging their initiatives. *See Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245–46 (6th Cir. 1997) ("A public interest group that

is involved in the process leading to adoption of legislation has a cognizable interest in defending that legislation,"); *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir.1995) ("A public interest group is entitled as a matter of right to intervene in an action challenging the legality of a measure it has supported.").

The Committee, which was centrally "involved in the process leading to adoption of [the RCV] legislation," similarly "has a cognizable interest in defending that legislation" against the challenges presented here, *Michigan State*, 103 F.3d at 1245–46.

## II.    THE SECRETARY OF STATE IS ADVERSE TO THE COMMITTEE AND UNABLE TO ADEQUATELY REPRESENT ITS INTERESTS

The Maine Secretary of State, represented by the Maine Attorney General's Office, is unable to adequately represent the interests of the Committee because the Secretary of State remains adverse to the Committee in litigation involving the implementation of RCV Laws pending in the Kennebec County Superior Court of Maine.

Adequacy of existing representation is regarded as "only a minimum barrier to intervention." *Moosehead Sanitary Dist. v. S. G. Phillips Corp.,* 610 F.2d 49, 54 (1st Cir. 1979). To overcome the minimum barrier, "[a]n intervenor need only show that representation may be inadequate, not that it is inadequate." *Conservation Law Found. of New England, Inc. v. Mosbacher*, 966 F.2d 39, 44 (1st Cir. 1992). Although intervenors that share an ultimate goal with a named party are presumed

3

to be adequately represented, such presumption is overcome where the intervenor can "demonstrate adversity of interest," *Moosehead*, 610 F.2d at 54.

The Committee, among others, filed suit against the Secretary of State in a separate matter seeking interpretation of the ranked-choice voting statutes. The Secretary of State, in that separate matter, is bound by an injunction requiring him to continue implementation through the primary election. *See Comm. for Ranked-Choice Voting v. Dunlap*, No. CV-18-24 (Me. Super. Ct. Kennebec, Apr. 3, 2018). That state court matter remains pending.

The Committee's adversity of interest with the Secretary of State in a separate but related action demonstrates that Secretary of State's representation "may be inadequate," C*onservation Law Found.*, 966 F.2d at 44. The Committee cannot be adequately represented by a party with whom they share adverse interests, because the parties do not share the same positions on the legal or factual issues presented in the above-captioned matter.

Alternatively, the Committee is entitled to permissively intervene because its interest in the enactment and interpretation of ranked-choice voting shares a commonality with the above-captioned matter.

## CONCLUSION

WHEREFORE, for the above-stated reasons, the Committee for Ranked-Choice Voting respectfully requests that the Court grant the Committee's motion for intervention of right, or alternatively permissive intervention, in the above-captioned matter.

Dated at Portland, Maine, this 7th day of May, 2018.

Respectfully submitted,

/s/ James G. Monteleone

Michael R. Bosse, Bar No. 8358
James G. Monteleone, Bar No. 5827

Attorneys for Prospective Intervenor the
Committe for Ranked-Choice Voting

BERNSTEIN SHUR
100 Middle Street
Portland, Maine 04101
207-774-1200

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing Motion to Intervene with the Clerk of Court using the CM/ECF system, which will automatically send notice of such filing to all counsel of record in this matter.

Dated: May 7, 2018                                    /s/  James G. Monteleone
                                                      James G. Monteleone