# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| MAINE REPUBLICAN PARTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MATTHEW DUNPLAP, in his | ) |
| Official capacity as Secretary of | ) |
| State for the State of Maine | ) |
| | ) 1:18-cv-00179-JDL |
| Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| THE COMMITTEE FOR | ) |
| RANKED-CHOICE VOTING, | ) |
| | ) |
| Prospective Intervenors. | ) |

## ORDER ON MOTION TO INTERVENE

The Committee for Ranked-Choice Voting (the "Committee") represents that it is a public interest group that drafted and campaigned for the passage of legislation entitled "An Act to Implement Ranked-Choice Voting," L.D. 1557 § 1 (effective Jan. 7, 2017) (codified at 21-A M.R.S.A. §§ 1(27-C), 1(35-A), 601, 722, and 723-A (2017)) (hereinafter, the "Ranked-Choice Voting Act"). The Committee has moved to intervene (ECF No. 9) in this case, contending that it has grounds to intervene as of right pursuant to Fed. R. Civ. P. 24(a)(2), or, in the alternative, it should be granted permissive intervention pursuant to Fed. R. Civ. P. 24(b). The Plaintiff Maine Republican Party (the "Party") opposes the Motion (ECF No. 12). The Defendant,

Matthew Dunlap, Secretary of State for the State of Maine (the "Secretary"), does not oppose the Motion.

Federal Rule of Civil Procedure 24(a) provides that "a would-be intervenor [as of right] must demonstrate that: (i) its motion is timely; (ii) it has an interest relating to the property or transaction that forms the foundation of the ongoing action; (iii) the disposition of the action threatens to impair or impede its ability to protect this interest; and (iv) no existing party adequately represents its interest." *Ungar v. Arafat*, 634 F.3d 46, 50 (1st Cir. 2011). Here, the first requirement is unquestionably satisfied. The remaining requirements are subject to a "balancing of factors," which I turn to consider together. *Students for Fair Admissions, Inc. v. President and Fellows of Harvard Coll.*, 807 F.3d 472, 474 (1st Cir. 2015).

The first question is whether the Committee has a "significantly protectable" interest in this suit, such that its claims "bear a sufficiently close relationship to the dispute between the original litigants and [] the interest [is] direct, not contingent." *Conservation Law Found. of New England, Inc. v. Mosbacher*, 966 F.2d 39, 41, 42 (1st Cir. 1992) (internal quotation marks and alterations omitted). In *Daggett v. Commission on Governmental Ethics & Election Practices*, the court found that a group of candidates affected by a campaign finance reform law had a sufficiently protectable interest in constitutional challenges brought by other candidates and political contributors because "the applicants belong[ed] to a small group, quite distinct from the ordinary run of citizens, who could expect to receive direct payments for their campaigns if the Reform Act [were] upheld but not otherwise." 172 F.3d 104, 110 (1st Cir. 1999). Here, the Committee is a discrete entity, "distinct from the

2

ordinary run of citizens," *id.*, which has invested significant amounts of time and, presumably, resources in drafting and ultimately winning the approval of the legislation at issue. Thus, although the Committee's interest may not be as significant as the interests at stake in *Daggett*, it does have a cognizable interest in the outcome of this suit that sets it apart from the general public.

Recognizing the Committee's interest, "[t]his case presents a recurring situation: a group with recognized interests wishes to intervene and defend an action of the government which the government is itself defending." *Maine v. Dir., U.S. Fish and Wildlife Serv.*, 262 F.3d 13, 19 (1st Cir. 2001). There is a dual presumption that a potential intervenor's interests will be adequately represented where (1) the goals of the intervenor and the defendant are the same; and (2) the government is defending the validity of a statute and the intervenors are citizens who support the statute. *See Daggett*, 172 F.3d at 111; *see also, U.S. Fish and Wildlife*, 262 F.3d at 19.

The Committee argues that the Secretary may not adequately represent its position because the Committee and the Secretary are adverse to one another in a related lawsuit in state court. *See* ECF No. 9 at 4.[1] However, the Committee has failed to articulate what arguments it intends to make in this Court that would otherwise be forsaken by the Secretary; in fact, both the Committee and the Secretary are advocating for the general validity and enforcement of the Ranked-Choice Voting Act, and it appears that both parties would have "the same approach to the conduct

---

[1] In that related suit, the Secretary of State noticed an apparent conflict in the statutes related to the Ranked-Choice Voting Act, alerted the Committee to that conflict, and then mounted no opposition when the Committee moved the court to enter a temporary restraining order requiring the Secretary to continue implementing ranked-choice voting. *See Comm. for Ranked-Choice Voting v. Dunlap*, No. cv-18-24, Order on Plaintiffs' Motion for Temporary Restraining Order at 9 (Me. Super. Ct. Apr. 3, 2018).

of the litigation." *See Trbovich v. United Mine Workers of America*, 404 U.S. 528, 539 (1972). To the extent that the Committee seeks to express a divergent view from that of the Secretary – and, again, no such divergent view is apparent from the record before me – those views may be effectively relayed to the Court through an *amicus curiae* brief. *See Daggett*, 172 F.3d at 112-13; *see also U.S. Fish and Wildlife*, 262 F.3d at 19.

In short, in this litigation the Secretary's and the Committee's goals are aligned, as the Secretary is defending the validity of the Ranked-Choice Voting Act which the Committee supports. I see no indication that the Secretary will fail to put forth arguments in support of the Ranked-Choice Voting Act that the Committee would otherwise make, and any divergent views the Committee holds can be effectively presented to the Court in an *amicus curiae* brief. Accordingly, intervention as of right is not warranted.

The Committee also seeks to intervene through permissive intervention as authorized by Fed. R. Civ. P. 24(b). The rule provides that so long as the potential intervenor "has a claim or defense that shares with the main action a common question of law or fact" permissive intervention may be warranted. *Id*. In evaluating a request for permissive intervention, the court "can consider almost any factor rationally relevant." *Daggett*, 172 F.3d at 113.

The denial of intervention as of right based on an intervenor's failure to overcome the presumption of adequate representation by the government cuts against the case for permissive intervention. *See Tutein v. Daley*, 43 F. Supp. 2d 113,

131 (D. Mass. 1999) ("[W]here, as here, intervention as of right is decided based on the government's adequate representation, the case for permissive intervention diminishes, or disappears entirely.") (internal citation omitted).  Because I find that the Secretary will adequately represent the Committee's interest in defending the Ranked-Choice Voting Act, I am not persuaded that the Committee should be granted permissive intervention.  That "the addition of still more parties would complicate a case that badly need[s] to be expedited" further cuts against permissive intervention. *Daggett*, 172 F.3d at 113.  Although the Committee claims that its intervention would not disrupt or delay the determination of the Party's Motion for a Preliminary Injunction, *see* ECF No. 15 at 7, the Court has previously established a briefing schedule that will soon expire, *see* ECF No. 10.  There is, therefore, the potential that intervention by the Committee at this stage would disrupt the expedited schedule currently in effect. If this suit proceeds beyond the preliminary injunction stage so that time is no longer of the essence, and the Committee believes that it can demonstrate that its position does not merely duplicate that of the Secretary, it may reassert its request for permissive intervention.

For the preceding reasons, the Committee's Motion for Intervention (ECF No. 9) is **DENIED.**  The Committee is granted leave to file an *amicus curaie* brief by 12 p.m. on May 21, 2018.

**SO ORDERED.**

**Dated this the 16th day of May, 2018**

                                                    /s/ JON D. LEVY
                                                  **U.S. DISTRICT JUDGE**