# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| MAINE REPUBLICAN PARTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:18-cv-00179-JDL |
| | ) |
| MATTHEW DUNLAP, *in his official capacity as Secretary of State for the State of Maine*, | ) ) ) |
| | ) |
| Defendant. | ) |

## ORDER

The Maine Republican Party filed this civil action on May 4, 2018, seeking a declaration that the Act to Establish Ranked-Choice Voting (the "RCV Act"), L.D. 1557, §§ 1-6 (effective Jan. 7, 2017) (codified at 21-A M.R.S.A. §§ 1(27-C), 1(35-A), 601(2)(J), 722(1), 723-A (2018)), is unconstitutional as applied to the Party's process for nominating its candidates for federal and state elected office. The Party simultaneously moved for a preliminary injunction seeking to prevent the Defendant, Matthew Dunlap, Secretary of State for the State of Maine (the "Secretary"), from implementing ranked-choice voting for the Party's June 12 primary. In an Order issued May 29, 2018 (ECF No. 22), I denied the Party's Motion for Preliminary Injunction. The Maine Republican Party has now moved to convert the Court's Order on the Motion for Preliminary Injunction into an order denying a permanent injunction and for entry of a final judgment (ECF No. 25). The Secretary does not oppose the Motion provided the Court takes judicial notice of certain facts. The Party also proposes that the Court take judicial notice of certain facts.

# I. ANALYSIS

A district court can convert a preliminary injunction order into a permanent injunction order and may do so without an evidentiary hearing where, as here, the parties agree that no hearing is necessary and where a hearing would serve little purpose. *The Shell Co. (Puerto Rico) Ltd. v. Los Frailes Serv. Station, Inc.*, 605 F.3d 10, 19 n.4 (1st Cir. 2010).

"Where a plaintiff seeks permanent injunctive relief, the test is the same [as the preliminary injunction standard], except that the movant must show actual success on the merits of the claim, rather than a mere likelihood of success." *Caroline T. v. Hudson Sch. Dist.*, 915 F.2d 752, 755 (1st Cir. 1990) (internal quotation marks omitted). In denying the Party's Motion for Preliminary Injunction, I determined that "the Secretary has asserted legitimate interests which outweigh any limited burden the RCV Act imposes upon the Maine Republican Party's [constitutional rights]. Thus, the Maine Republican Party has not succeeded in demonstrating a likelihood of success on the merits of its claim." *Maine Republican Party v. Dunlap*, No. 1:18-cv-00179-JDL, 2018 WL 2424108, at *9 (D. Me. May 29, 2018). Because, in making this decision, I viewed all material facts in the light most favorable to the Maine Republican Party, and because the Party does not wish to introduce any additional evidence, the Party cannot now show actual success on the merits where it failed to previously show a likelihood of success.

Finding that no disputes of material facts remain and that the May 29 Order addressed all of the legal issues contained in the Party's challenge to the RCV Act, I adopt and restate all of the legal conclusions contained in the May 29 Order, convert

the denial of the preliminary injunction into a denial of a permanent injunction, and enter final judgment for the Secretary.

The parties further request that in making this ruling I take judicial notice of certain facts. *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). For the reasons stated in open court at the hearing held on July 30, 2018, I take judicial notice of the following facts:

1. The People's Veto referendum was sustained on June 12, 2018, by a vote of 149,900 (53.9%) to 128,291 (46.1%); and therefore

2. Ranked-choice voting applies as a matter of Maine law in future elections for U.S. Senator and U.S. Representative, as well as primary elections for those offices and the offices of Governor, State Senator and State Representative.

3. The only two election contests in the Republican Party primary election on June 12, 2018 for which voters cast a ranked-choice voting ballot were determined based on one candidate receiving more than 50% of the first choice votes; accordingly, although ranked-choice voting applied to these contests, *see* 29-250 C.M.R. ch. 535 § 1, the ranked-choice method of counting ballots for successive rounds in a centralized location, *see* 29-250 C.M.R. ch. 535 § 4, was not employed.

4. In the contest for the Republican nomination for Governor, candidate Shawn Moody received 56.6% of the first choice votes and was determined the winner; and

5. In the contest for the Republican nomination for State Representative in House District 75, Joshua Morris received 51% of the first choice votes and was determined the winner.

## II. CONCLUSION

For the foregoing reasons, the Party's Motion (ECF No. 25) is **GRANTED** and I convert the May 29, 2018, denial of the Maine Republican Party's Motion for Preliminary Injunction into a denial of permanent injunction, and enter final judgment for the Secretary. I further take judicial notice of the facts described above.

**SO ORDERED.**

**Dated this 3rd day of August, 2018.**

/s/ JON D. LEVY
**U.S. DISTRICT JUDGE**